UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES, *ex rel.*
THOMAS DURHAM,

    Plaintiff,

    v.

PROSPECT WATERPROOFING, INC.,

    Defendant.

Civil Action No. 10-1946 (JEB)

**MEMORANDUM OPINION AND ORDER**

This case presents the question of how much of a dismissed False Claims Act suit should remain under seal. Relator Thomas Durham and the United States have different opinions. Under the applicable six-factor analysis the caselaw prescribes, the Court believes the Government has the better argument.

**I.    Background**

Relator Thomas Durham filed this action on November 15, 2010, under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, alleging that his employer, Prospect Waterproofing Company, had falsely certified its payrolls, which resulted in the submission of fraudulent claims for payment. Compl., ¶¶ 18, 20. Pursuant to the *qui tam* provisions of the FCA, Relator filed this matter under seal so the United States could investigate these allegations. After the Government completed its investigation, it declined to intervene, and on August 17, 2011, Relator filed a Notice of Entry of Voluntary Dismissal Without Prejudice. ECF No. 9. He also requested that the Court allow the case to remain under seal permanently. See id. The United States consented to the voluntary dismissal but objected to Relator's request to keep the case under seal. ECF No.

1

10. The Government instead asked that the pleadings that do not reflect its investigative efforts -- *i.e.*, the Complaint, Relator's Voluntary Dismissal, and the United States' Consent to Entry of Voluntary Dismissal -- be unsealed.  See id.  This Court ordered on August 23, 2011, that the parties submit supplemental briefings on the sealing issue, which has now been completed.

**II.     Analysis**

In this Circuit, when evaluating whether to seal case pleadings, "the starting point . . . is a 'strong presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting Johnson v. Greater Southeast Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  The D.C. Circuit has articulated "'six factors that might act to overcome this presumption of public access.'" United States *ex rel.* Schweizer v. Oce, N.V., 577 F. Supp. 2d 169, 171 (D.D.C. 2008) (quoting EEOC, 98 F.3d at 1409).  These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

EEOC, 98 F.3d at 1409 (citing United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).  The Court will examine them in turn.

A. Need For Public Access

As mentioned, there is a strong presumption that the public should have access to court proceedings to "ensur[e] the integrity of judicial proceedings in particular and of the law enforcement process more generally." Hubbard, 650 F.2d at 315.  Public access may be denied, however, "to protect trade secrets, or the privacy and reputation of victims of crimes, as well as

to guard against risks to national security interests, and to minimize the danger of an unfair trial by adverse publicity." Id. at 315-16 (internal citations omitted).

Cases brought under the False Claims Act receive special consideration by the courts because they "inherently implicate the public interest." United States ex rel. Littlewood v. King Pharmaceuticals, Inc., 2011 WL 3805607, at *6 (D. Md. Aug. 29, 2011) (unsealing all documents in dismissed FCA case). Taxpayers are "real parties in interest" in FCA cases because they possess a strong interest in fraud committed against the United States that results in monetary loss to the Government. Schweizer, 577 F. Supp. 2d at 172. In addition, FCA cases are brought with the expectation that the pleadings will eventually be unsealed. See ACLU v. Holder, 2011 WL 1108252, at *12 (4th Cir. Mar. 28, 2011) ("We agree that 'sunlight' and 'openness' are important values that further the functioning of this republic and note that in every FCA case, the qui tam complaint will be unsealed."). In fact, the rationale behind sealing FCA cases is to allow the United States ample time to investigate the allegations, and the FCA does not contain any language that suggests the purpose of sealing a case is to protect the relator's identity. See United States ex rel. Herrera v. Bon Secours Cottage House Services, 665 F. Supp. 2d 782, 784-85 (E.D. Mich. 2008); see also 31 U.S.C. § 3730(b)(2).

Relator's argument that the case should remain under seal, even in light of the strong presumption of public access, is based on two faulty premises. First, Relator contends that because the case was dismissed voluntarily, the American public is no longer a party in interest as the claims will not be litigated. Relator's Memo. at 3. Additionally, Relator argues that because Defendant no longer requires access to the sealed pleadings for litigation purposes, this undercuts the presumption of public access. Id. These arguments, however, miss the mark. The court in Schweizer explained that in FCA cases, there are "generalized needs for public access."

577 F. Supp. 2d at 173.  Voluntary dismissals of FCA actions do not render the allegations any less relevant to the taxpaying public.  Although the court in Schweizer did acknowledge that the defendant's "pragmatic individualized need for access" to the sealed pleadings helped the court resolve this factor in favor of unsealing the record, the court considered this fact "in light of the more generalized need for public access."  Id.  While Defendant does not need to access the sealed filings for litigation purposes, the "generalized needs for public access" still remain.  This critical factor thus weighs in favor of unsealing.

  B.  Extent Of Previous Public Access

Previous public access to the sealed filings "is a factor which may weigh in favor of subsequent [public] access."  Hubbard, 650 F.2d at 318.  Of course, "[d]etermining whether . . . the public has already had access to court records in a given case cannot . . . guide [a] decision concerning whether . . . the public should have access as an original matter."  Id.  The public did not have prior access to the pleadings in the present case because this case was under seal pursuant to procedures provided in the FCA.  See 31 U.S.C. § 3730(b)(2).  This factor is thus neutral.

  C.  Objection to Disclosure

"[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  As Relator has so moved, this factor favors sealing.

  D.  Strength Of Interests Asserted

When deciding whether to seal or unseal a record, courts assess the strength of any property or privacy interests voiced by the moving party.  In Hubbard, the D.C. Circuit considered "the objecting party's privacy interest in the particular documents, . . . rather than the effect that unsealing the documents would have on the party's property and privacy interests

generally." Friedman v. Sebelius, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (emphasis added). In his Memorandum, Relator only describes a general privacy interest in keeping his identity secret from his employer to avoid any potential retaliation should disclosure occur. Id. at 5. He does not articulate any privacy interests in the specific pleadings themselves. This generalized interest is not sufficient to tip this factor toward Relator. See United States ex rel. Permison v. Superlative Technologies, Inc., 492 F. Supp. 2d 561 (E.D. Va. 2007) (unsealing dismissed FCA claim and pointing out that "[w]hile [the Relator's] fear of retaliation is not entirely implausible, it is certainly vague and hypothetical at best; he merely expresses a general apprehension that his former employer might somehow interfere with his career prospects. . . . In sum, [the Relator's] vague concern of future retaliation by his former employer falls far short of outweighing the public's strong interest in having access to court filings . . . .").

   E. Possibility of Prejudice

The possibility of prejudice refers to "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." Friedman, 672 F. Supp. 2d at 60 (citing Hubbard, 650 F.2d at 320-21); see id. ("The plaintiffs have not claimed that unsealing this matter would affect them in any future litigation; rather, they refer only to generalized reputational harm."). Relator points out that in evaluating prejudice, the court in Schweizer considered the fact that the relators were no longer employees of the defendant, which minimized the risk of "workplace discrimination and harassment" following the unsealing of the pleadings. Relator's Memo. at 6 (quoting 577 F. Supp. 2d at 177). Relator, therefore, argues that, because he remains an employee of Defendant, the possibility of retaliation would be great if the Court unseals the record. Id. A closer examination of Schweizer reveals that the fact the relator was no longer employed by the defendant is one of several elements the court considered

when examining prejudice.  See 577 F. Supp. 2d at 177.  In any event, Relator does not explain how unsealing would lead to prejudice in future litigation.

There are, moreover, potential policy concerns if relators are allowed to keep FCA cases permanently under seal due to fear of employer retaliation.  First, these retaliation concerns are "similar to those of the many other employees who bring suits against their employers or former employers for various reasons" and therefore should not merit special protection in *qui tam* actions.  Littlewood, 2011 WL 3805607, at *8.  In addition, when bringing suit under the FCA, Relator "concluded that these risks were worth taking if the Government would intervene.  Having assumed the risk that the Government might not intervene, [R]elator cannot cherry pick the portions of the FCA that suit [him]."  Id. at 9.

The Court thus resolves this factor in favor of lifting the seal.

F.  Purposes For Which Documents Were Introduced

There is a strong presumption against sealing court pleadings that are relevant to the litigation of FCA claims because the public has a right to access the filings.  See Friedman, 672 F. Supp. 2d at 61 ("if the documents sought to be sealed are entered as evidence during a trial, there is a strong presumption against sealing").  In contrast, there is less of a pressing concern to unseal pleadings if they are not relevant to the claims.  See Hubbard, 650 F.2d at 321 ("[T]he [sealed] documents . . . were not determined by the trial judge to be relevant to the crimes charged; they were not used in the subsequent 'trial'; nor were they described or even expressly relied upon by the trial judge in his decision on the suppression motion.").

Relator contends that because he voluntarily dismissed this case, it no longer matters that the documents were filed while litigating his claims.  Relator's Memo. at 7.  This argument, however, ignores that this factor focuses on the purpose of filing his pleadings and nothing

further. When Relator filed his Complaint, his purpose was for his allegations to be the basis of a potential trial. Therefore, there is a strong presumption for public access weighing in favor of unsealing the Complaint. While Relator's Voluntary Dismissal and the United States' Consent will not constitute the basis of an imminent trial, Relator's allegations may potentially be revived in future litigation because the case was dismissed without prejudice. Therefore, this factor weighs in favor of lifting the seal.

Having applied the six-factor analysis of United States v. Hubbard, the Court finds that the majority weigh in favor of unsealing the pleadings. In addition, the most significant factors concerning the need for public access, the strength of the interests involved, and the comparative prejudice all militate against sealing.

### III. Conclusion

In light of the strong presumption of public access and having weighed the relevant factors, the Court therefore ORDERS that:

> 1. Relator's Complaint and Voluntary Dismissal and the United States' Consent shall be unsealed; and
>
> 2. All other filings shall remain under seal.

**SO ORDERED.**

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 4, 2011